

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRUCE M. JOHNSON and
MICHAEL G.V. COMINO,

        Defendants.

Case No. 24-CR-40

[18 U.S.C. §§ 371 & 152;
42 U.S.C. §§ 1320a-7b(b)]

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

1. At times material to this indictment:

    a. Defendant Bruce M. Johnson resided in Wisconsin and since 2018 was the owner and operator of Kestrel Medical LLC ("Kestrel"), located in the Milwaukee, Wisconsin, area. Kestrel was a supplier of durable medical equipment ("DME"), such as orthotic devices, including braces for ankles, knees, backs, and shoulders.

    b. Defendant Michael G.V. Comino resided in Florida and became a fifty percent owner of Kestrel through his company, AEAK Investments LLC, in early 2020. Comino was also the owner and operator of Katz Consulting Group, Inc., Senior Life Planning, LLC, and American Energy Today, Inc., companies that purportedly provided marketing services to Kestrel.

1

c. Companies 1, 2, 3, 4, 5, and 6 were companies that purportedly provided marketing services to Kestrel.

### The Medicare Program

d. The Medicare Program ("Medicare") is a federally subsidized health insurance program for persons who are age 65 or older and for persons who are disabled.

e. To participate in the Medicare program, a provider must enter into written provider agreements with the United States Department of Health and Human Services. In these agreements, the provider certifies that every claim for payment submitted to Medicare is truthful and that the services billed have been furnished in accordance with federal law, including a prohibition on offering, paying, soliciting, and receiving anything of value in exchange for the referral, order, and arranging the order of services and items paid for by Medicare (otherwise known as illegal kickbacks).

f. Kestrel was a participating provider in the Medicare program. As a participating provider in Medicare, Kestrel, through Johnson, agreed to abide by the laws, rules, regulations, policies, and procedures that governed reimbursement by Medicare, including the prohibition on illegal kickbacks.

g. Johnson, in his role as owner of Kestrel, executed and provided to Medicare certifications acknowledging and agreeing to abide by federal law, including the prohibition on illegal kickbacks.

2

Case 2:24-cr-00040-JPS    Filed 08/27/24    Page 2 of 9    Document 17

# COUNT ONE
(Conspiracy)

**THE GRAND JURY FURTHER CHARGES THAT:**

2. The allegations in paragraph 1 of this Indictment are realleged and incorporated by reference.

3. From approximately August 2018 through approximately January 2021, in the State and Eastern District of Wisconsin and elsewhere,

**BRUCE M. JOHNSON and
MICHAEL G.V. COMINO**

knowingly conspired and agreed with each other, and with others known and unknown to the grand jury, to commit offenses against the United States, namely, to knowingly and willfully solicit, receive, offer, and pay remuneration, specifically kickbacks, in return for referring, ordering, and arranging for the order of any item and service, specifically DME, for which payment may be made, in whole and in part, by Medicare, in violation of Title 42, United States Code, Sections 1320a-7b(b)(1)(A), 1320a-7b(b)(1)(B), 1320a-7b(b)(2)(A), and 1320a-7b(b)(2)(B).

## Manner and Means of the Conspiracy

4. The manner and means used to accomplish the objects and purposes of the conspiracy included, among other things:

   a. Johnson submitted an enrollment application to Medicare under the name Kestrel for the submission of claims for reimbursement. In that application, Johnson certified that Kestrel would comply with all Medicare rules and regulations, including that he and Kestrel would refrain from violating the Anti-Kickback Statute.

b. Starting in approximately August 2018, Johnson, through Kestrel, paid kickbacks to marketing companies for signed prescriptions and other Medicare-required documents (collectively referred to as "doctors' orders") for DME that were submitted to federal health care benefit programs.

c. Starting in approximately August 2019, Comino, through his companies Katz and Senior, received kickbacks from Kestrel for signed doctors' orders for DME that were submitted to Medicare.

d. Starting in approximately February 2020, Johnson and Comino owned and operated Kestrel together to enrich the members of the conspiracy by paying kickbacks for signed doctors' orders for DME that were submitted to Medicare.

e. Johnson and Comino disguised the nature of these kickback payments for signed doctors' orders by designating them as payments for "marketing" or "marketing hours," and causing the generation of fraudulent invoices.

f. Johnson and Comino, as owners and operators of Kestrel, submitted and caused the submission of claims for reimbursement to Medicare for DME procured through the kickback payments made to marketing companies.

### Acts in Furtherance of the Conspiracy

5. In furtherance of the conspiracy and to accomplish the objects and purposes of the conspiracy, the following acts, among others, were committed and caused to be committed:

a. On or about July 9, 2019, Johnson signed a "marketing service agreement" with Company 2 stating that it would comply with the federal Anti-Kickback statute.

b. On or about January 1, 2020, Johnson and Comino entered into a marketing agreement between Kestrel and Senior.

c. On or about February 13, 2020, Comino sent a marketing service agreement signed by Johnson to Company 4.

d. On or about February 27, 2020, Johnson signed and submitted a document to Medicare adding Comino's company AEAK as an owner of Kestrel.

e. On or about March 4, 2020, Johnson emailed Company 3 about changing an invoice to reference "marketing hours" instead of "braces."

f. On or about July 1, 2020, Johnson signed a "personal services agreement for marketing" with Company 5 stating that it would comply with the federal Anti-Kickback statute.

g. On or about July 31, 2020, Comino emailed an invoice from Company 5 to Johnson.

h. On or about September 25, 2020, Comino emailed an invoice from Company 5 to Johnson.

i. On or about October 14, 2020, Comino emailed an invoice from Company 6 to Johnson.

j. On or about the dates listed in Counts Two through Eight of this Indictment, Johnson, through Kestrel, offered and paid kickbacks to marketing companies.

k. On or about the dates listed in Counts Nine through Twelve of this Indictment, Comino, through his companies Katz and Senior, solicited and received kickback payments from Kestrel.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH EIGHT
(Offering and Paying Kickbacks)

**THE GRAND JURY FURTHER CHARGES THAT:**

6. Paragraphs 1 through 5 of this Superseding Indictment are realleged and incorporated by reference.

7. On or about the dates set forth below, in the State and Eastern District of Wisconsin,

**BRUCE M. JOHNSON and**
**MICHAEL G.V. COMINO**

knowingly and willfully offered to pay, paid, and caused to be paid remuneration, including any kickback, directly and indirectly, overtly and covertly, in the form of payments, as set forth below, to a person in return for and to induce such person to refer an individual to Kestrel for the furnishing and arranging for the furnishing of any item and service, and to purchase, lease, order, and arrange for, and recommend purchasing, leasing, and ordering any good, facility, service, and item, namely, DME, for which payment may be made in whole and in part under federal health care programs, including Medicare:

| Count | Defendant | Date | Approximate Amount | Entity Receiving Payment |
|---|---|---|---|---|
| 2 | Johnson | July 24, 2019 | $1,800.00 | Company 2 |
| 3 | Johnson | Sep. 16, 2019 | $1,650.00 | Katz Consulting Group, Inc. |
| 4 | Johnson | Dec. 26, 2019 | $9,635.00 | Katz Consulting Group, Inc. |
| 5 | Johnson | Jan. 13, 2020 | $5,167.30 | Senior Life Planning |
| 6 | Johnson | Feb. 14, 2020 | $4,300.00 | Senior Life Planning |
| 7 | Johnson & Comino | Mar. 4, 2020 | $400.00 | Company 3 |
| 8 | Johnson & Comino | Oct. 2, 2020 | $55,425.00 | Company 5 |

Each in violation of Title 42, United States Code, Section 1320a-7b(b)(2), and Title 18, United States Code, Section 2(a).

# COUNTS NINE THROUGH TWELVE
(Soliciting and Receiving Kickbacks)

**THE GRAND JURY FURTHER CHARGES THAT:**

8. Paragraphs 1 through 5 of this Superseding Indictment are realleged and incorporated by reference.

9. On or about the dates set forth below, in the State and Eastern District of Wisconsin,

## MICHAEL G.V. COMINO

knowingly and willfully solicited and received remuneration, including any kickback, directly and indirectly, overtly and covertly, in the form of payments from Kestrel, as set forth below, in return for and to induce Comino to refer an individual to Kestrel for the furnishing and arranging for the furnishing of any item and service, and to purchase, lease, order, and arrange for, and recommend purchasing, leasing, and ordering any good, facility, service, and item, namely, DME, for which payment may be made in whole and in part under federal health care programs, including Medicare:

| Count | Date | Approximate Amount | Entity Receiving Payment |
|---|---|---|---|
| 9 | Sep. 16, 2019 | $1,650.00 | Katz Consulting Group, Inc. |
| 10 | Dec. 26, 2019 | $9,635.00 | Katz Consulting Group, Inc. |
| 11 | Jan. 13, 2020 | $5,167.30 | Senior Life Planning |
| 12 | Feb. 14, 2020 | $4,300.00 | Senior Life Planning |

Each in violation of Title 42, United States Code, Section 1320a-7b(b)(1).

# COUNTS THIRTEEN THROUGH FOURTEEN
(Fraudulent Transfers in Contemplation of Bankruptcy)

THE GRAND JURY FURTHER CHARGES THAT:

10. Paragraph 1 of this Superseding Indictment is realleged and incorporated by reference.

11. On or about the dates set forth below, in the State and Eastern District of Wisconsin,

## BRUCE M. JOHNSON,

in a personal capacity and as agent of Kestrel, in contemplation of a bankruptcy case under Title 11 of the United States Code filed on January 29, 2021, in this district, and with the intent to defeat the provisions of Title 11, knowingly and fraudulently transferred and concealed the following property:

| Count | Date | Approximate Amount | Entity Receiving Payment |
|---|---|---|---|
| 13 | Dec. 23, 2020 | $100,000 | American Energy Today, Inc. |
| 14 | Dec. 30, 2020 | $50,000 | American Energy Today, Inc. |

Each in violation of Title 18, United States Code, Section 152(7).

## FORFEITURE NOTICE

1. Upon conviction of any of the offenses alleged in the Superseding Indictment, the defendants, Bruce M. Johnson and Michael G.V. Comino, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from the proceeds traceable to the offense. The property to be forfeited includes, but is not limited to:

    a. a money judgment for a sum of money equal to the amount of proceeds obtained as a result of the conspiracy alleged herein.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL:

FOREPERSON
Dated: 27 Aug 2024

GREGORY J. HAANSTAD
United States Attorney